# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TROY D. JEANMARD

VERSUS                                                          CIVIL ACTION

A-1 UNLIMITED, INC., ET AL                                      NO. 11-462-JJB-CN

# N O T I C E

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, November 29, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TROY D. JEANMARD

VERSUS                                                    CIVIL ACTION

A-1 UNLIMITED, INC., ET AL                                NO. 11-462-JJB-CN

## MAGISTRATE JUDGE'S REPORT

## AND RECOMMENDATION

Plaintiff filed this suit on July 7, 2011. Summons was issued as to defendants A-1 Unlimited, Inc. and East Baton Rouge Parish Sheriffs Office, and were mailed to plaintiff for service on July 8, 2011. (Dkt. # 2.) On July 19, 2011, the Court entered its usual and customary order setting a scheduling conference for November 10, 2011. Upon review of the docket sheet on November 3, 2011, it was apparent that service had not been perfected on any of the defendants. Therefore, on that same day, the Court entered a notice informing plaintiff that there was no proof in the record that plaintiff had perfected service of the summons and complaint on the defendant in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. The notice also informed plaintiff that in the event he fails to perfect service and file proof of service in the record within 120 days from the filing of the complaint, his suit would be dismissed for failure to prosecute.

A review of the record on November 10, 2011, showed that no proof of service had been filed into the record. Therefore, on that same day, the Court again notified plaintiff that he had failed to perfect service of the summons and complaint in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. The Court further informed plaintiff that in the event he failed to perfect

service and file proof of service in the record within ten (10) days from the date of the notice, that his suit would be dismissed for failure to prosecute in accordance with ULR, Rule 41.3M.[1]

As of November 29, 2011, no proof of service has been filed in the record. Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specific time. In the present case, 120 days from the date the complaint was filed was November 4, 2011. The Court informed plaintiff on November 3rd and again on November 10th that no proof had been filed into the record that service had been made.

Therefore, it is recommended that this case be dismissed for plaintiff's failure to prosecute and have the defendants served within 120 days of filing the suit.

Signed in chambers in Baton Rouge, Louisiana, November 29, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] A review of the docket sheet indicates that plaintiff was forwarded a copy of the Court's Notices of November 3, 2011, and November 10, 2011, by U.S. Mail at his address of record. There is no indication that these mailings were returned as undeliverable.